Mr. Justice Nott
delivered the opinion of the Court.
The act of 1815, has two objects in view ; one to give to the plaintiff a summary renu dy in the description of cases referred to ; the other to debar the defi ndant from the benefits of the insolvent debtor’s act. It authorizes this Court to make such mips and regulations as shall be necessary to carry its provisions into efft ct. The plaintiff is not entitled to this summary trial, until it is ascertained that the defendant acted in the character alleged. The Court has never yet directed the- manner in which that question shall be tried, and this case furnishes a good opportunity to prescribe the method by which it shall be done. The plea denies the character in which the defendant is sued. It is a dilatory plea which does not go to the merits of the case. Like every other dilatory plea, therefore, which involves a 'question of fact, it must be tried by a jury. The credibility of the witnesses maybe involved, of which the jury are the only competent judges. < If the verdict be found for the plaintiff, thin the defendant-must plead issuably, and go to trial instanter, if so ordered by the Court. If for the defendant, then he will n-titled to an imparlance upon the uwial terms. If tht ,, - dings should present an issue of law, then to be sure the question must be decided by the Court, and- ought not to be sent to the jury. This opinion does not conflict with the decision’in the case-of Rocheblanche vs. Cleary & Gieu, tried January Term, 1820. In that case, in addition to the general issue, the defendants had pleaded that they were not vendue-masters. That was not made a preliminary question, but the two issues wen tritd at the same time. The jury found for the plaintiff; but superadded to their verdict, that the defendants had not sold the goods in question, in the capacity of vendue-mast< rs. The plaintiff moved for a new trial, on the ground that the latter part of the verdict was contrary to evidence. The Court held that it was no ground for a new trial, on the part of the plaintiff. In that stage of the proceeding, it was an immaterial issue ; otherwise it would lead to this absur- *40 diiy, that the merits of the question must first be tried in order to determine whether the plaintiff was entitled to a summary trial or not. The Court were of opinion that the question ought not to be trh d merely for the purpose of ascertaining whether the defendants would he entitled to the benefit of the insolvent debtor’s act. They might never ask for the- benefit of it. The time of the Court ought not to be occupied in trying questions which do not affect the merits of the case.. It was thought time enough to try that question, when the defendant should apply for the benefit of the act. That part of the verdict therefore was considered as surplusage, and the motion was refused., If on a distimt issue submitted to the jury on the application of the defendant, to try the right of preference on the ' docket, a verdict should be found against him, perhaps that verdict ought to be conclusive on bis application for the benefit of the insolvent debtor’s act. Even neglecting to put in such a plea in time, might be construed into an acquiescence of the truth of the allegation. But it is not now necessary to determine what evidence shall be required of the fact on an application for the benefit of the insolvent debtor’s act. The plea ought not to be allowed when the only effect will be to guard agaibst a contingency which may never happen.
This .is a motion on the part of the defendant for a new-trial, on the ground that he has been denied a privilege which the law allows him, of having the preliminary question tried by a jury. The. practice has, perhaps, been various heretofore. It ought to be settled, that it may be uniform. This Court is of opinion that an issue ought to have been made up and sent to the jury for trial. And this opinion is in conformity with the decision which ban airead}' been made during this term, in the case of I. C. Moses & Co. ads. Lowden.
The motion must be granted.
Justices Colcock, Gantt and Huger, concurred.